**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **08-CR-00368-03** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **MONIQUE ROBERTS** | * | **MAGISTRATE JUDGE HILL** |

**RULING ON DEFENDANT ROBERTS' MOTION TO SEVER**

The defendant, Monique Roberts ("Roberts"), has filed a motion to sever her trial from the trial of her co-defendants, Roderick Gilliam Aaron ("Aaron") and Brandon Anders ("Anders"), alleging that a statement given to the FBI by Anders, which is admissible against him, would, in a joint trial, violate Roberts' Sixth Amendment rights and would further violate the rule of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967). [Record Doc. 92].

Additionally, Roberts contends that her trial should be severed from those of her co-defendants under FED. R. CRIM. P. 14, because the markedly different degrees of culpability between her and her co-defendants will result in a marked disparity in the evidence adduced against her, as opposed to her co-defendants.

The government has opposed the motion. [Record Doc. 96].

For those reasons set out below, the motion for severance is **denied** at this time, reserving to the defendant her right to re-urge her motion at trial if necessary.

Roberts and her co-defendants, Aaron and Anders, were named in a seven-count superceding indictment. [Record Doc. 1]. The defendant, Roberts, was charged alone in Count Six for maintaining a drug-involved premises. Anders and Aaron were charged in Count one with conspiracy to possess with intent to distribute cocaine and cocaine base from Roberts' residence, and were charged in Counts 2-5 with substantive counts occurring during the conspiracy.[1]

***Severance Under Rule 14***

Fed. R. Crim. P. 8(b) provides as follows:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 14(a) provides as follows:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As a general rule, persons who are indicted together should be tried together, particularly in conspiracy cases. *United States v. Stalnaker*, 571 F.3d 428, 434 (5th Cir. 2009); *United States v. Michel*, 588 F.2d 986, 1001 (5th Cir. 1979). Here, Roberts is alleged to have used her residence as a "staging ground" for a large portion of the drug

[1] Count seven is a forfeiture count.

trafficking conspiracy alleged in the superceding indictment. [Record Doc. 96, p. 3]. Thus, the defendants were properly joined under Fed. R. Crim. P. 8(b) because they were "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Indeed, Roberts does not contest the propriety of her joinder under Rule 8.

Rather, Roberts argues that under Rule 14(a), prejudice may result given the "the marked disparity in the positions of the co-defendants and the different natures of their charged culpability warrant the granting of this motion for severance." [Record Doc. 92, p. 2]. "Prejudice" means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008) (*quoting Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). Roberts' conclusory statement regarding the differences in the co-defendants' positions is insufficient to establish prejudice against her.

It is clear that a quantitative difference in the evidence against co-defendants is insufficient to require severance. Additionally, the mere presence of a "spill-over" effect is generally insufficient to require a severance. *United States v. Thomas,* 12 F.3d 1350, 1363 (5th Cir. 1994) (*citing approvingly, United States v. Harrelson,* 754 F.2d 1153, 1175 (5th Cir.), *cert. denied,* 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985) and *United States v. Sparks,* 2 F.3d 574, 583 (5th Cir.1993). *See also, United States v. Castillo*, 77

F.3d 1480, 1491 (5th Cir. 1996) ("in *Thomas*, we observed that 'the mere presence of a spillover effect does not ordinarily warrant severance.'").

It is only in cases where the defendant can demonstrate compelling prejudice against which the trial court is unable to guard, that severance is warranted. *United States v. Arzola-Amaya,* 867 F.2d 1504, 1516 (5th Cir. 1989), *cert. denied,* 493 U.S. 933, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). The defendant has fallen far short of making that showing here. Thus, the defendant has failed to show any real risk of prejudice, and a severance under Rule 14 is not warranted.

***Bruton Issue***

Roberts argues that Anders made an incriminatory statement to an FBI agent, and that, under *Bruton*, prejudice would result from the introduction of Anders' extrajudicial statement that would incriminate her. The government does not argue that the statement made by Anders to the FBI does not implicate Roberts. Rather, the government states that, in its case in chief, it agrees not to elicit testimony from any of its witnesses concerning statements as it relates to the existence of: (1) any sort of relationship between Aaron and Roberts, and (2) any money that Aaron kept at Roberts' residence. [Record Doc. 96, page 4].

The undersigned construes the government's response as agreeing to not elicit testimony regarding Anders' inculpatory statements, as they relate to Roberts, from any government witness. If that is done, then there is clearly no *Bruton* violation and no

grounds for a severance. A *Bruton* violation only occurs when a co-defendant's statement directly alludes to a complaining co-defendant. *United States v. Webster*, 734 F.2d 1048, 1054 n. 6 (5th Cir. 1984). Therefore, once Anders' inculpatory statement no longer directly alludes to Roberts, no *Bruton* violation exists.

The undersigned, understanding that the government will not to elicit testimony from any of its witnesses concerning statements as it relates to the existence of: (1) any sort of relationship between Aaron and Roberts, and (2) any money that Aaron kept at Roberts' residence, finds no *Bruton* violation, and therefore denies the motion to sever.

If the undersigned has misinterpreted the government's response to this motion to sever, and if the government elicits testimony from any of its witnesses concerning statements as it relates to Aaron's relationship with Roberts, then the defendant, Roberts, can re-urge her motion to sever.

Similarly, if during trial it develops that the court is unable to protect the defendant, Roberts, from any overly prejudicial evidentiary "spill-over" by way of cautionary instruction to the jury, or otherwise, the defendant Roberts can, at that time, re-urge this motion to sever.

For the above reasons, the motion to sever filed by the defendant, Monique Roberts, is **denied**.

November 4, 2009, Lafayette, Louisiana.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE